# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

JAMES F. LEWIS,

      Plaintiff,

v.                                    Case No. 5:22-cv-650-JA-PRL

KEITH REYES, KARL
MURKLAND, GREGG DUDLEY,
and LAKE COUNTY FLORIDA
SCHOOL DISTRICT,

      Defendants.

## ORDER

This case is before the Court on the Motions to Dismiss (Docs. 12, 13, 15) filed by all four Defendants and the Request for Judicial Notice (Doc. 11) filed by Defendants Lake County Florida School District and Gregg Dudley. The assigned United States Magistrate Judge has submitted a Report (Doc. 29) recommending that the motions to dismiss be granted and that the Request for Judicial Notice be denied as moot, without prejudice to refile if necessary. Plaintiff has filed an Objection (titled "Reply") (Doc. 30) to the Report.

After review of the record in this matter, including consideration of the Objection (Doc. 30) filed by Plaintiff, the Court agrees with the findings and conclusions in the Report and Recommendation. As explained by the magistrate judge, all of Plaintiff's claims are belied by the allegations in the Complaint and

by the video submitted by Plaintiff with the Complaint. The officers had both arguable and actual probable cause to arrest Plaintiff, and the handcuffing of Plaintiff during transport to the police station did not constitute excessive force.[1]

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation (Doc. 29) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Defendants' Motions to Dismiss (Docs. 12, 13, & 15) are **GRANTED**.

3. All of Plaintiffs' claims are **DISMISSED with prejudice.**

---

[1] A *pro se* plaintiff generally must be given at least one opportunity to amend his complaint before his case is dismissed with prejudice. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). Here, however, any amendment would be futile because on the facts asserted by Plaintiff and presented in the video included with the Complaint, all of Plaintiff's claims fail as a matter of law. Thus, it cannot be said that "a more carefully drafted complaint might state a claim," and leave to amend need not be given. *Id.* (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)).

On the excessive force claim, Plaintiff alleges only that the handcuffs were too tight when he was arrested and transported to the jail. (*See, e.g.*, video at 45:35–45:38 ("Hey, these are a little tight, can you loosen 'em up?")). But "[o]fficers routinely pull arrestees' arms behind their backs, and [the Eleventh Circuit has] repeatedly held that painful handcuffing alone doesn't constitute excessive force." *Huebner v. Bradshaw*, 935 F.3d 1183, 1191 (11th Cir. 2019); *see also Sebastian v. Ortiz*, 918 F.3d 1301, 1308 (11th Cir. 2019) ("[P]ainful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal." (quoting *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002))). Here, Plaintiff alleges no physical injuries from the handcuffing in his Complaint or his Objection, asserting in his Objection only that he receives treatment "for Post Traumatic Stress Syndrome from the excessively tight handcuffs," (Doc. 30 at 21). But these allegations are far less egregious than those in *Sebastian*, upon which Plaintiff relies and in which the Eleventh Circuit emphasized that "only the most exceptional circumstances will permit an excessive force claim on the basis of handcuffing alone." 918 F.3d at 1312. The case at bar does not involve such "exceptional circumstances."

4. The Request for Judicial Notice (Doc. 11) filed by Defendants Lake County Florida School District and Gregg Dudley is **DENIED as moot**.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** on May 30, 2023.

JOHN ANTOON II<br>United States District Judge

Copies furnished to:
United States Magistrate Judge
Counsel of Record
Unrepresented Parties